# United State District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3530 | **DATE** | October 16, 2012 |
| **CASE TITLE** | SLIUMPIENE v. SZCZOTARSKA, et al. | | |

**DOCKET ENTRY TEXT:**

Intervenor's petition for fees and costs [182] is granted in part and denied in part.

### STATEMENT

I have before me a petition for fees and costs. The case is unusual. Its beginning was a lawsuit against individuals and companies alleged to have defrauded the plaintiff in violation of federal and state laws. One wrongdoer (apparently the principal one) was alleged to be Bozena Szczotarska. She never appeared to defend the claim, it was said, by reason of the fact that she left the United States and went to her native country in Europe. Thus, Plaintiff was left with a judgment that her lawyer attempted to enforce in state court by an action for levy. It is undisputed that there is to this day a judgment lien (for $402,000) against certain property to satisfy the judgment entered by this court. The (or a) property holder is one Czeslawa Krolikowska ("Intervenor"), whom, at one time, was alleged to be Szczotarska and, later when it appeared that this was not so, possibly a co-conspirator or accomplice of that woman. There is no proof that this is the case and, indeed, there is some evidence that Krolikowska is not whom Plaintiff's counsel says she is.

Krolikowska paid a lawyer to get her out of her troubles including the lien. There was discovery and a hearing at which I heard a witness testify and the course of this case after that hearing entitles her to some recovery for attorney's fees and costs. There is a good argument here that compensation for all fees should be awarded, but the law tolerates the initiation of litigation on pretty thin grounds to permit reasonable investigation. After that period of inquiry, the law is less tolerant of continuation of the litigation, and the dictates of 28 USC §1927 may apply. In this case, the plaintiff and her counsel unreasonably and vexatiously duplicated proceedings and chose not to end the matter and release the lien. Indeed, Plaintiff's counsel simply failed to appear on some occasions. Later it became clear, from his own words, that he abandoned the case.

Intervenor's counsel took the step of filing a Safe Harbor letter on 24 May 2011 which laid out in detail why the case was baseless and he would seek fees. On 16 August 2011, Plaintiff's counsel had (according to his later email) written to Intervenor's counsel that he "had decided not to move further in the case...as a consequence of speaking again to two of the three witnesses...and [he could no longer] in good conscience prosecute this case without violating my oath as an attorney." The letter of 16 August 2011, which Intervenor's counsel says he did not receive, was not followed with a motion to dismiss by Plaintiff. It was not until 25 May 2012, after receiving the current motion for fees and costs, that Plaintiff's counsel reported by email that "[p]erhaps ill-advisedly, I assumed that the basis for my decision not to prosecute this matter would be conveyed to the District Court."

Of course, a judge ordinarily has no need for hearing the basis of a motion of a plaintiff to dismiss his or her own case, but I would need a motion filed by plaintiff to dismiss. It would be, at best, imprudent, to dismiss a complaint on the word of intervenor's counsel alone except *perhaps* on handing to the court a signed stipulation of opposing counsel or producing a signed settlement document. In this case, I do not have a copy of the 16 August letter.

There have been times in this case when Plaintiff's counsel failed to appear at set times or failed to follow discovery procedures. Indeed, when the petition for fees and costs was filed I set a briefing schedule requiring a response by 10 July 2012. No response was filed. In fact, the 25 July 2012 email was itself not filed with this court; a copy of it was attached to the reply in support of the petition. The petition is, in fact, not opposed and could be granted without further comment. It is noteworthy, too, that when I closed this case on 30 May 2012 (except for a possible petition for fees and costs), I ordered Plaintiff to release the lien *instanter*. Intervenor's counsel represents that as of 23 July 2012, the lien has not been released.

In the absence of a reasoned response from Plaintiff's counsel, I have reviewed the case file and searched my own memory to ascertain a date on which Plaintiff's counsel should have been aware that his pursuit of Krolikowska should have ended and the matter dismissed on his motion. This was not difficult to do here since the hearing on 26 April 2010 and the testimony taken showed a complete absence of support for the suit against Krolikowska.

But I think the date that I heard evidence which suggested the lack of merit in the complaint is not the proper date. In this case, Plaintiff's counsel should have known of the weakness of his case well before the time it was apparent to me. This is so because, by no later than 3 March 2010, Plaintiff's counsel had concrete notice of facts which strongly suggested that he had sued the wrong person. At the least, he should have begun prompt investigation of his own case to discover the unreliability of his own witnesses far earlier than he did. Had he cooperated in any way with Intervenor's counsel, this could have been done quickly. This would have been an appropriate case for a cooperative investigation with opposing counsel. Both lawyers had an incentive to find out if the wrong person had been sued but, despite clear indication of mistaken identity, Plaintiff's counsel blithely ignored evidence and needlessly prolonged the case and the attendant expense of defense. By 18 March 2010, Plaintiff's counsel should have uncovered the irreparable weakness in his case and set out on a course leading to voluntary dismissal without imposing additional costs on the defense. In the face of the defense evidence, it took far too long for Plaintiff's counsel to vet his own case. The conclusion that he says he reached over a year later, in April 2011, comes inexcusably late and was never properly communicated to the court, and, I find, to the opposition. His refusal even to respond to the petition for fees and costs confirms my view that he is and has been unwilling to meet his obligations to the legal process and to the persons he sues.

I award fees and costs for everything expended by Intervenor (and Intervenor's counsel) on or after 18 Mar 2010. Intervenor is to file a final itemized list of costs consistent with this order.